**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
Jacksonville Division

ST. JOHNS RIVERKEEPER, INC.,

Plaintiff,

v. Case No. 3:26-cv-02157

KEYSTONE PROPERTIES, L.L.C.,

Defendant.

---

# Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

## 1. Date and Attendees

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 10/6/2026. John H. November (counsel for Plaintiff) and Ralph DeMeo (counsel for Defendant) attended the conference.

## 2. Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|

| | |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 10/19/2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 6/15/2027 |
| Deadline for serving disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | |
| Plaintiff | 6/16/2027 |
| Defendant | 8/20/2027 |
| Rebuttal | 9/20/2027 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 1/18/2028 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | Not applicable |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 2/17/2028 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Click or tap here to enter text. | 3/29/2028 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 8/14/2028 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 8/29/2028 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 9/11/2028 |

| | |
|---|---|
| Month and year of the trial term. | October 2028 |

The trial will last approximately 5 days and be

☐ jury.

☒ non-jury.

**3. Description of the Action**

This is an environmental citizen-suit action concerning Defendant's handling, storage, and alleged releases of coal combustion residuals (CCR) and other allegedly polluting materials at the Keystone Properties Facility in Jacksonville, Florida. Plaintiff asserts claims under RCRA § 6972(a)(1)(A) for alleged violations of applicable solid-waste and CCR requirements and under the Clean Water Act for alleged unauthorized industrial stormwater or pollutant discharges (including both discharges of industrial stormwater from material handling and storage and from construction activities on the property). Plaintiff seeks declaratory and injunctive relief, civil penalties to the extent authorized by the statutes alleged to have been violated, litigation costs and attorneys' fees where recoverable, and other appropriate relief.

Plaintiff anticipates that site inspections, sampling, and other investigation under both wet- and dry-weather conditions may be necessary to develop the factual record and narrow the parties' disputes. The need to obtain site-specific information under particular weather conditions may warrant a somewhat extended discovery schedule and may similarly affect the timing of meaningful settlement discussions.

Defendant denies all allegations of the Plaintiff's complaint. Defendant maintains that Plaintiff's lawsuit is barred as a matter of law under 33 U.S.C. §1319(g)(6) of the Clean Water Act. Defendant has been in active negotiations with the Florida Department of Environmental Protection ("FDEP") regarding conditions at the site. Defendant anticipates entering into a consent order addressing and resolving all issues. Additionally, Plaintiff does not have standing and has failed to allege any pollution or damages traceable to Defendant.

**4. Disclosure Statement**

☒ Plaintiff has filed a disclosure statement using the required form.

☒ Defendant has filed a disclosure statement using the required form.

**5. Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6. Consent to a Magistrate Judge**

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

**7. Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss .

## 8. Discovery Practice

The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.
☐ No; instead, the parties agree to these changes:

B. Discovery may be needed on these subjects:

Plaintiff's list of subjects: Defendant's receipt, storage, staging, handling, transfer, loading, unloading, transport, and disposition of coal combustion residuals (CCR) and other bulk materials at the Keystone Properties Facility; the location, duration, volume, and physical and chemical characteristics of CCR and of CCR storage or accumulation areas, including historical storage on unlined ground; stormwater, surface-water, groundwater, soil, sediment, air/dust, and other environmental conditions potentially affected by CCR or CCR constituents; permits, permit coverage, registrations, monitoring, inspections, operating procedures, housekeeping, dust suppression, stormwater controls, containment, and environmental compliance; historical and current site design, engineering, concrete pads, drainage systems, ponds, ditches, berms, conveyances, and any closure, removal, remediation, or decontamination activities related to

Defendant's industrial activities, particularly CCR handling and construction activities; the alleged RCRA and CWA violations and Defendant's defenses; the nature, extent, timing, and continuing status of any alleged releases, discharges, disposal, or contamination; Defendant's financial condition, history of compliance, and any economic benefit associated with alleged noncompliance to the extent relevant to available statutory remedies; the factual bases for any asserted defenses; and expert issues including hydrogeology, groundwater, stormwater, environmental engineering, CCR management, toxicology or health-risk issues, air dispersion or particulate transport, and other disciplines as necessary.

Defendant's list of subjects: Plaintiff's history of use or enjoyment of the waters allegedly polluted. Plaintiff's records demonstrating alternative sources of pollution. Plaintiff's membership list and information.

C. Discovery should be conducted in phases:

☐ No.

☒ Yes; The parties propose that fact discovery proceed first, followed by expert discovery. Some overlap may be appropriate, particularly to permit experts to participate in or consider site inspections, sampling, and related factual development. Expert disclosures and depositions should occur after sufficient fact discovery has been completed to allow the experts to review relevant site conditions, sampling results, documents, and other factual materials.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐ No.

☒ Yes; The parties will meet and confer regarding a stipulated discovery protocol addressing ESI and related production issues, including preservation, collection, custodians and search terms where appropriate, production format, metadata, and native production of spreadsheets or databases when appropriate. The protocol will be platform-neutral and will not require either party to use a particular e-discovery vendor or review platform. Unless otherwise agreed, documents will be produced in a reasonably usable form, including

searchable PDF or native format as appropriate, with metadata preserved where material.

E. ☒ The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence: The parties will confer in an effort to propose a stipulated order that, in addition to addressing ESI as stated above, also governs issues related to privilege. Privilege and work-product claims will comply with Rule 26(b)(5)(A).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☐ No.

☒ Yes; the maximum number of interrogatories by plaintiff is 50 and by defendant is 50. Also, while no change to normal discovery limits is required, Plaintiff wishes to call to the Court's attention to their intent, pursuant to Rule 34(a)(2), to request entry onto the Keystone Properties Facility on at least three (3) occasions to observe dry weather (1 visit) and wet weather conditions (2 visits). Plaintiff may require storms of different sizes to conduct discovery and may petition the court for additional visits depending on weather conditions.

**10. Request for Special Handling**

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, .

☐ unilaterally requests special handling. Specifically, .

**11. Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

/s/ John H. November
John Henry November, Esq.
Florida Bar No. 0088760
2029 Third Street North
Jacksonville Beach, Florida 32250
(904) 525-3042
john@publictrustlaw.org
Attorney for Plaintiff
ST. JOHNS RIVERKEEPER, INC.

Date: __10-7-26__________________

*/s/ Ralph A. DeMeo*
Ralph A. DeMeo, Esq.
Florida Bar No. 0471763
Mateo C. Dayo, IV
Florida Bar No. 1049754
Adams & Reese, LLP
150 S. Monroe Street, Suite 300
Tallahassee, Florida 32301
(850) 655-8933
Ralph.DeMeo@arlaw.com
Attorney for Defendant
KEYSTONE PROPERTIES, L.L.C.

Date: 10/7/26