**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ST. JOHNS RIVERKEEPER, INC.,

Plaintiff,

Case No. 3:26-cv-2157-JEP-LLL

v.

KEYSTONE PROPERTIES, L.L.C.,

Defendant.
_______________________________________/

## CASE MANAGEMENT AND SCHEDULING ORDER

Having considered the case management report prepared by the parties, the Court enters this case management and scheduling order:

| | |
|---|---|
| Deadline for providing mandatory initial disclosures. | **October 30, 2026** |
| Deadline for notice of selection of mediator. | **June 15, 2027** |
| Deadline for moving to join a party or amend the pleadings. | **June 15, 2027** |
| Deadline for disclosing expert reports. Plaintiff:<br>Defendant:<br>Rebuttal: | **June 16, 2027**<br>**August 20, 2027**<br>**September 20, 2027** |
| Deadline for completing discovery and filing motions to compel. | **January 18, 2028** |
| Deadline for filing dispositive and Daubert motions (Responses due 21 days after service unless otherwise ordered; summary judgment replies (limited to 7 pages) permitted 14 days after service of a response) | **February 17, 2028** |
| Deadline for filing all other motions including motions in limine. | **August 22, 2028** |
| Deadline for filing the joint final pretrial statement. | **September 12, 2028** |

| | |
|---|---|
| Date and time of the final pretrial conference. | **September 19, 2028 3:00 PM** |
| Trial Term Begins | **October 2, 2028 9:00 AM** |
| Estimated Length of Trial | **5 days** |
| Jury/Non-Jury | **Non- Jury** |

1. With respect to discovery matters, the date set forth above is the final date discovery shall be completed. All requests and motions pertaining to discovery shall be filed promptly so that the discovery desired will be due prior to the completion date. Specifically, motions to compel brought pursuant to Rule 37 must be filed no later than the close of discovery. The parties should be aware that a stipulation to the continuance of discovery anticipates no discovery disputes. Therefore, this Court will not hear discovery disputes arising during the stipulated continuance. The parties are further advised that any extension of discovery will not result in an extension of the dispositive motion filing deadline or other pretrial or trial dates except upon order of the Court. If promptly raised, the deadline for amending pleadings is subject to extension based on new discovery or other good cause.

2. The parties are reminded of their obligation to comply with the redaction requirements set forth in Fed.R.Civ.P. 5.2.

3. Pursuant to Local Rule 3.01(a), any motion and memorandum in support must be in a single document not to exceed 25 pages absent leave of Court. Responses to motions may not exceed 20 pages absent leave of Court. In

summary judgment practice, the combined motion and memorandum (including any "Statement of Undisputed Facts") must be filed as one document and may not exceed 25 pages without permission of the Court. Please deliver a courtesy copy of all dispositive and *Daubert* motions and responses, including copies of all relevant exhibits and depositions, to the chambers of the undersigned. The Court requires the filing of complete deposition transcripts rather than excerpts.

4. Except as otherwise ordered, the parties are directed to meet the pretrial disclosure requirements in Fed.R.Civ.P. 26(a)(3) and to timely adhere to all requirements in Local Rule 3.06 concerning Final Pretrial Procedures. While counsel for the Plaintiff shall be responsible for initiating the pretrial compliance process, all parties are responsible for assuring its timely completion.

5. A pretrial statement in compliance with Local Rule 3.06 shall be filed with the Clerk on or before the date noted in this Order with two courtesy copies to be provided to the Court. The parties are required to identify the depositions to be read at trial in the pretrial statement but are not required to designate the pages of depositions to be read at trial until a date to be established by the Court at the final pretrial conference.

6. The final pretrial conference and trial will be held in Courtroom 10A, 10th Floor, United States Courthouse, 300 North Hogan Street,

Jacksonville, Florida. The pretrial conference shall be attended by counsel who will act as lead counsel and who are vested with full authority to make and solicit disclosures and agreements touching on all matters pertaining to the trial.

7. Unless otherwise ordered by the Court, no later than **five days** before the trial term set forth above, the parties **shall file** with the Clerk of Court the following (and, as to each of the following, provide directly to Chambers, Suite 11-100, by mail or hand delivery two (2) copies marked "Judge's Chambers Copy"):

(a) Each side shall file a **Trial Brief**, with citations of authorities and arguments specifically addressing all significant disputed issues of law likely to arise at trial: **and either (b) or (c) below, as appropriate.**

(b) **If case is a jury trial**, the following

(1) A concise (one paragraph preferably) **joint or stipulated** statement of the nature of the action to be used solely for purpose of providing a basic explanation of the case to the jury *venire* at the commencement of jury selection process:

(2) **Proposed *Voir Dire*** (the Court will conduct the jury *voir dire* and, in addition to the usual more general questions, will, without initiation by counsel, ask more particular questions suggested by the nature of the case; counsel should, therefore, be selective in the jury questions submitted to the Court for consideration); and

(3) A **Proposed Verdict Form** and complete set of all written **Proposed Jury Instructions.** (The Court will expect counsel to give their best efforts, cooperatively, in the production of a joint set of instructions and verdict form, the

format of which the Court will discuss at the pretrial conference.)

(c) **<u>If case is a non-jury trial</u>, Proposed Findings of Fact and Conclusions of Law** (each shall be separately stated in numbered paragraphs; Findings of Fact shall contain a detailed listing of the relevant material facts the party intends to prove, in a simple, narrative form; Conclusions of Law shall contain a full exposition of the legal theories relied upon by counsel).

8. All persons entering the Courthouse must present photo identification to Court Security Officers. Although cell phones, laptop computers, and similar electronic devices are generally not permitted in the building, attorneys may bring those items with them to the extent permitted by Local Rule 7.02.[1]

9. In the event that the dates set herein for the final pretrial conference and/or trial are continued or otherwise modified, the remaining provisions of this Order shall remain in full force and effect.

10. **THE COURT HAS DONE EVERYTHING POSSIBLE TO SET APPROPRIATE DEADLINES FOR THIS CASE. THE PARTIES SHOULD PROCEED ACCORDINGLY. DO NOT ASSUME THAT THE COURT WILL EXTEND THESE DEADLINES.**

[1] Cell phones must be turned off while in the courtroom.

**DONE AND ORDERED** in Jacksonville, Florida this 27th day of October, 2026.

**JORDAN E. PRATT**
United States District Judge

By: /s/ Timothy Luksha
Deputy Clerk

tl
Copies to:
Counsel of record